IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> JIMMY E. DILLAHUNT, THE ESTATE OF JANIE B. DILLAHUNT, TUSCOV, LLC, TONYAH L. DILLAHUNT, PATRICIA SMITH, J.E. DILLAHUNT & ASSOCIATES, INC., NORRIS DILLAHUNT, JOSE GUADELUPE FERNANDEZ, and MARIAN C. DILLAHUNT, <br><br> Defendants. | CIVIL ACTION <br> FILE NO: 4:20-cv-68 |

## NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S COMPLAINT

COMES NOW, North American Specialty Insurance Company ("NAS" or "Plaintiff") by and through its undersigned counsel, and files this its Complaint against Jimmy E. Dillahunt; The Estate of Janie B. Dillahunt, Tuscov, LLC, Tonyah L. Dillahunt, Patricia Smith, J.E. Dillahunt & Associates, Inc., Norris Dillahunt, Jose Guadelupe Fernandez and Marian C. Dillahunt (collectively, "Defendants"), and in support thereof respectfully shows the Court as follows:

# PARTIES AND JURISDICTION

1.

Plaintiff is a New Hampshire company, doing business as a commercial surety. Plaintiff maintains its principal place of business at 475 N. Martingale Road, Suite 850, Schaumburg, Illinois 60173. Plaintiff's officers are located in the State of New Hampshire. Plaintiff is therefore a citizen of New Hampshire.

2.

Defendant Jimmy E. Dillahunt is a resident of the state of North Carolina and resides at 1702 Hazel Avenue, New Bern, NC, 28560, and is therefore a citizen of North Carolina.

3.

Defendant Janie B. Dillahunt, now deceased, is former a resident of the state of North Carolina and resided at 1702 Hazel Avenue, New Bern, NC, 28560, and was therefore a citizen of North Carolina.

4.

Defendant Tuscov, LLC is a limited liability company, formed under the laws of North Carolina, and maintains its principal and registered office at 1228 Broad Street, New Bern, North Carolina, 28560-5589, where said Defendant may be served through its registered agent, Marian Dillahunt Andrews. The members

of Tuscov, LLC reside in North Carolina. Therefore, Tuscov, LLC is a citizen of North Carolina.

5.

Defendant Tonyah L. Dillahunt is a resident of the state of North Carolina and resides at 23 Mary Scott Pl Greensboro, NC 27410-9735, Guilford County. Therefore, this Defendant is a citizen of North Carolina.

6.

Defendant Patricia Smith is a resident of the state of North Carolina and resides at 1418 Mockingbird Lane, New Bern, NC 28562, and is therefore a citizen of the state of North Carolina.

7.

Defendant J.E. Dillahunt & Associates, Inc. is a corporation, formed under the laws of North Carolina, and maintains its principal and registered office at 1226 Broad Street, New Bern, NC 28560-5589. Said corporation may be served through its registered agent Jimmy E. Dillahunt at 1226 Broad Street, New Bern, NC 28560-5589. This Defendant is a citizen of North Carolina.

8.

Defendant Norris Dillahunt is a resident of the state of North Carolina and resides at 1728 Washington St New Bern, NC 28560-3675, Craven County, and is therefore a citizen of North Carolina.

9.

Defendant Jose Guadelupe Fernandez is a resident of the state of North Carolina and resides at 560 Sanders Lane, New Bern, NC 28560, and is therefore a citizen of North Carolina.

10.

Defendant Marian C. Dillahunt is a resident of the state of North Carolina and resides at 513 Crossview Lane, Durham, NC 27703-6729, and is therefore a citizen of North Carolina.

11.

This Honorable Court possesses jurisdiction and venue over this action.

12.

All the Defendants reside in North Carolina, as asserted above, and therefore, personal jurisdiction is proper in North Carolina.

13.

Subject matter jurisdiction is proper in this Court. This Court possesses original jurisdiction over NAS's Complaint pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the matter in controversy is between citizens of different states.

14.

Venue is proper in this Court pursuant to 28 U.S.C. § 113(a) and 28 U.S.C. § 1391(b)(1) and (2) because at least one Defendant resides and is domiciled within Craven County, North Carolina, in the Eastern District of North Carolina, Eastern Division, and because a substantial part of the properties involved in this dispute are also situated within Craven County, North Carolina.

## BACKGROUND

15.

On or about July 3, 2008, Defendants Jimmy E. Dillahunt and Janie B. Dillahunt, along with a business entity known as United Builders Group executed a General Indemnity Agreement ("Indemnity Agreement") for the benefit of NAS.

16.

Under the provisions of the Indemnity Agreement, Jimmy E. Dillahunt and Janie B. Dillahunt, jointly and severally agreed to, indemnify and hold harmless NAS from any and all losses and costs arising from issuing performance and payment bonds, naming United Builders Group as principal.

17.

Further, under the provisions of the Indemnity Agreement, Jimmy E. Dillahunt and Janie B. Dillahunt jointly and severally agreed to provide collateral security to NAS, in the event of a potential claim against a bond issued by NAS, naming United Builders Group as principal.

18.

In consideration of, and in reliance upon Defendants' execution of the aforementioned Indemnity Agreement, NAS as surety did issue payment and performance bonds ("Bonds") naming United Builders Group as principal.

19.

Pursuant to the Bonds, NAS guaranteed obligations of United Builders Group (its payment obligations to its suppliers and laborers, and its performance obligations), subject to certain terms and conditions.

20.

Multiple claims were asserted against the above-referenced Bonds, and NAS paid certain of said claims totaling at least $1,146,746.46.

21.

On or about March 5, 2014, NAS demanded that the Defendants indemnify NAS under the terms of the Indemnity Agreement and to immediately deposit with NAS collateral in the amount of $1,300,000.00, which NAS determined as its potential exposure under the above-referenced bonds inclusive of attorneys' fees and costs. The Defendants failed and refused to indemnify or to deposit collateral security as required under the Indemnity Agreement.

22.

Due to the multiple claims that were submitted to NAS related to the Bonds, NAS filed suit against Defendants Jimmy E. Dillahunt, Janie B. Dillahunt, J.E. Dillahunt & Associates, Inc. and others, seeking, *inter alia*, indemnity and collateral to cover losses and potential losses arising out of the issuance of the Bonds, pursuant to the terms of the Indemnity Agreement. The style of said case is <u>North American Specialty Insurance Company v. United Builders Group, LLC; J.E. Dillahunt & Associates, Inc.; Jimmy E. Dillahunt; Janie B. Dillahunt; United</u>

States District Court, Eastern District of North Carolina; Case No.: 5:17-cv-00062-D (the "Indemnity Lawsuit").

23.

NAS obtained an order and final judgment against Defendants Jimmy E. Dillahunt and Janie B. Dillahunt, and others in the aforementioned civil action in the amount of $926,337.68. A copy of the Order granting said relief is attached hereto as Exhibit "1."

24.

Defendants J.E. Dillahunt & Associates, Inc., Jimmy E. Dillahunt and/or Janie B. Dillahunt were the owners of multiple parcels of real estate located in North Carolina.

25.

Defendants J.E. Dillahunt & Associates, Inc., Jimmy E. Dillahunt and Janie B. Dillahunt knew and were aware that they were liable to and would owe NAS due to its rightful claims against them under the Indemnity Agreement, and to prevent NAS from levying on their parcels of real property, said Defendants conveyed away their valuable properties, as follows:

| No. | Owner | Address | Transferee | Date |
|-----|-------|---------|------------|------|
| 1. | Jimmy E. Dillahunt | 1702 Hazel Avenue New Bern, NC 28560 | Tuscov, LLC | 02/07/2018 |
| 2. | J.E. Dillahunt & Associates, Inc. | 550 Quinerly Street Kingston, NC 28501 | Norris Dillahunt, Jr. | 12/2016 |
| 3. | Jimmy E. Dillahunt | 560 Sanders Lane New Bern, NC 28560 | Jose Guadalupe Hernandez | 02/07/2018 |
| 4. | J.E. Dillahunt & Associates, Inc. | 1208 Garden Street New Bern, NC 28560 | Norris Dillahunt, Jr. | 03/2017 |
| 5. | Jimmy E. Dillahunt | 1210 Garden Street New Bern, NC 28560 | Patricia A. Smith | 03/09/2017 |
| 6. | Jimmy E. Dillahunt | 2012 Opal Street New Bern, NC 28560 | Tuscov, LLC | 02/07/2018 |
| 7. | Jimmy E. Dillahunt | 1402 Mockingbird Ln. New Bern, NC 28560 | Patricia A. Smith | 03/09/2017 |
| 8. | Jimmy E. Dillahunt and Janie B. Dillahunt | 1403 Mockingbird Ln. New Bern, NC 28560 | Patricia A. Smith | 03/09/2017 |
| 9. | Jimmy E. and Janie B. Dillahunt | 1418 Mockingbird Ln. New Bern, NC 28560 | Patricia A. Smith | 03/09/2017 |
| 10. | Jimmy E. and Janie B. Dillahunt | 1727 Washington St. New Bern, NC 28560 | Patricia A. Smith | 03/09/2017 |
| 11. | Jimmy E. Dillahunt | 1729 Washington St. New Bern, NC 28560 | Tuscov, Inc. | 02/07/2018 |

| No. | Owner | Address | Transferee | Date |
|---|---|---|---|---|
| 12. | Jimmy E. and Janie B. Dillahunt | 506 Third Avenue New Bern, NC 28560 | Tonyah L. Dillahunt | 11/18/2015 |
| 13. | Jimmy E. and Janie B. Dillahunt | S. West Craven Middle School Road New Bern, NC 28560 | Patricia A. Smith | 03/09/2017 |
| 14. | J.E. Dillahunt & Associates, Inc. | 317 Liberty Street New Bern, NC 28560 | Norris Dillahunt, Jr. | 03/2017 |
| 15. | J.E. Dillahunt & Associates, Inc. | 310 Jones Street New Bern, NC 28560 | Norris Dillahunt, Jr. | 03/2017 |
| 16. | Jimmy E. and Janie B. Dillahunt | 760 W. NC 55 Hwy. New Bern, NC 28562 | Tuscov, LLC | 04/23/2015 |
| 17. | J.E. Dillahunt & Associates, Inc. | 780 W. NC 55 Hwy. New Bern, NC 28560 | Tonyah Dillahunt | 03/2017 |
| 18. | Jimmy E. and Janie B. Dillahunt | 784 W. NC 55 Hwy. New Bern, NC 28560 | Tonyah Dillahunt | 03/09/2017 |
| 19. | Jimmy E. and Janie B. Dillahunt | 1422 Lincoln Street New Bern, NC 28560 | Patricia A. Smith | 03/09/2017 |
| 20. | Jimmy E. Dillahunt | 11205 Old US Hwy. New Bern, NC 28560 | Marian C. Harris | 08/10/2017 |

26.

Defendants J.E. Dillahunt & Associates, Inc., Jimmy E. Dillahunt and Janie B. Dillahunt made the aforementioned real estate sales transactions to prevent NAS

from being able to collect on their claims against them, with the actual intent to hinder NAS's collections against them and with the intent to defraud NAS.

27.

All of the real estate transactions mentioned above were made to insiders – that is to their daughter, Defendant Tonyah Dillahunt, to Defendant Patricia Smith, to Norris Dillahunt, to Jose Guadelupe Fernandez, to Marian C. Dillahunt, and to Tuscov, LLC, an entity controlled and owned by members Tonyah L. Dillahunt and Norris Dillahunt, and said transactions were all apparently made with a $0 sales price – far below any equivalent value.

28.

The above real estate properties constituted substantially all of the sellers' assets, leaving the sellers insolvent, and Defendants Jimmy E. Dillahunt, Janie B. Dillahunt and J.E. Dillahunt & Associates, Inc. are without assets sufficient to satisfy the judgment obtained against them by NAS in the above referenced Indemnity Lawsuit.

29.

Said Defendants knew, at the time they transferred the above-referenced properties, that they would not have assets significant enough to cover the claims made against them and in the Indemnity Lawsuit filed by NAS, and writs of

execution pursued by NAS to collect on the judgment in the Indemnity Lawsuit to date have been returned unsatisfied.

### COUNT I – FRAUDULENT TRANSFER OF ASSETS AGAINST DEFENDANTS J.E. DILLAHUNT & ASSOCIATES, NORRIS DILLAHUNT AND TONYAH DILLAHUNT UNDER N.C.G.S. § 39-23.4

30.

NAS incorporates by reference the allegations set forth in Paragraphs 1 through 29 of this Complaint and realleges same as if fully set forth herein.

31.

Defendant J.E. Dillahunt & Associates, Inc., a company owned and operated by Jimmy E. Dillahunt, transferred the above referenced real estate parcels to insiders, his son, Defendant Norris Dillahunt, or his daughter Tonyah Dillahunt, without receiving an equivalent value for said parcel.

32.

J.E. Dillahunt & Associates, Defendant Norris Dillahunt and Defendant Tonyah Dillahunt had an intent to hinder the efforts of NAS to collect on its claim and judgment in the Indemnity Lawsuit, and in an effort to defraud NAS, made the real estate transactions referenced above after NAS's claims were made known.

33.

Due to their actions, the assets which Defendant J.E. Dillahunt & Associates, Inc. now has and possesses have value far less than that amount which is owed to NAS, pursuant to the Final Judgment issued in favor of NAS in the Indemnity Lawsuit. Defendant J.E. Dillhunt & Associates, Inc. is now insolvent, and said Defendant was aware it would be before making the herein described transactions.

34.

Defendants' actions as described herein constitute fraudulent transfers of real estate parcels listed above, as described in the Uniform Fraudulent Transfer Act, at N.C. Gen. Stat. § 39-23.4.

35.

Due to the actions of Defendants J.E. Dillahunt & Associates, Inc., Norris Dillahunt and Tonyah Dillahunt, NAS has been harmed and damaged in the amount of at least $926,337.68, as NAS is unable to collect on its judgment as issued in the Indemnity Lawsuit.

# COUNT II – FRAUDULENT TRANSFER AGAINST DEFENDANTS J.E. DILLAHUNT & ASSOCIATES, INC., TONYAH DILLAHUNT AND NORRIS DILLAHUNT UNDER N.C.G.S. § 39-23.5

36.

Plaintiff NAS incorporates by reference the allegations set forth in Paragraphs 1 through 35 of this Complaint and realleges same as if fully set forth herein.

37.

Defendant J.E. Dillahunt & Associates, Inc. transferred the properties referenced above to Defendants Norris Dillahunt and Tonyah Dillahunt, after said Defendants were made aware of NAS's claims or potential claims under the Indemnity Agreement.

38.

As a result of the real estate transactions referenced above, J.E. Dillahunt & Associates, Inc. did not receive reasonably equivalent value in exchange and said Defendant became insolvent, having now assets worth less than the judgment obtained by NAS in the Indemnity Lawsuit. Said Defendants named herein knew the debtor would become insolvent.

39.

The actions of said Defendants as described herein harmed and damaged NAS in the amount of at least $926,337.68, as the amount NAS is currently able to collect against Defendant J.E. Dillahunt & Associates, Inc. has been reduced to nothing.

40.

The actions of Defendants J.E. Dillahunt & Associates, Inc., Tonyah Dillahunt and Norris Dillahunt constitute constructive fraud as described in the Uniform Fraudulent Transfer Act, under N.C. Gen. Stat. § 39-23.5.

**COUNT III – FRAUDULENT TRANSFER OF ASSETS AGAINST DEFENDANTS JIMMY E. DILLAHUNT AND THE ESTATE OF JANIE B. DILLAHUNT, TUSCOV, LLC, JOSE GUADALUPE HERNANDEZ, MARIAN C. DILLAHUNT, TONYAH DILLAHUNT, AND PATRICIA SMITH UNDER N.C.G.S. § 39-23.4**

41.

NAS incorporates by reference the allegations set forth in Paragraphs 1 through 40 of this Complaint and realleges same as if fully set forth herein.

42.

Defendant Jimmy E. Dillahunt, either individually or with Janie B. Dillahunt, conveyed the above referenced real estate parcels to Tonyah Dillahunt,

Tuscov, LLC, Patricia Smith, Jose Guadalupe Fernandez or Marian C. Dillahunt, without receiving equivalent value in exchange.

43.

Defendants referenced herein had an intent to hinder the efforts of NAS to collect on its claims under the Indemnity Agreement, and in an effort to hinder and defraud NAS, having made the real estate transactions listed above after NAS's claims were made known.

44.

Due to their actions, the assets which Defendant Jimmy E. Dillahunt and/or Janie B. Dillahunt now have and possess value far less than that amount which is owed to NAS, pursuant to the Final Judgment issued in favor of NAS in the Indemnity Lawsuit. Defendants Jimmy E. Dillahunt and Janie B. Dillahunt are now insolvent, and the Defendants intended to become insolvent.

45.

The actions of Defendants as described herein constitute fraudulent transfers of the real estate parcels listed above, as described in the Uniform Fraudulent Transfer Act, at N.C. Gen. Stat. § 39-23.4.

46.

Due to the actions of said Defendants, NAS has been harmed and damaged, in the amount of at least $926,337.68, as NAS is unable to collect on its judgment issued in the Indemnity Lawsuit.

**COUNT IV – CONSTRUCTIVE FRAUDULENT TRANSFER AGAINST DEFENDANTS JIMMY E. DILLAHUNT, THE ESTATE OF JANIE B. DILLAHUNT, TUSCOV, LLC, JOSE GUADALUPE HERNANDEZ, MARIAN C. DILLAHUNT, TONYAH DILLAHUNT, AND PATRICIA SMITH UNDER N.C.G.S. § 39-23.5**

47.

Plaintiff NAS incorporates by reference the allegations set forth in Paragraphs 1 through 46 of this Complaint and realleges same as if fully set forth herein.

48.

Defendants Jimmy E. Dillahunt, individually or with Janie B. Dillahunt, transferred the properties referenced above to Tuscov, LLC, Jose Guadalupe Hernandez, Marian C. Dillahunt, Tonyah Dillahunt and Patricia Smith, all of whom are insiders, at the listed dates, after said Defendants were made aware of NAS's claim against them under the Indemnity Agreement.

49.

As a result of the real estate transactions referenced above, Jimmy E. Dillahunt and Janie B. Dillahunt did not receive reasonably equivalent value in

exchange for each parcel and said Defendants became insolvent, having now assets worth less than the judgment issued in the Indemnity Lawsuit. All Defendants knew or had reasonable cause to believe Defendants Jimmy E. Dillahunt and Janie B. Dillahunt would become insolvent.

50.

The actions of said Defendants as described herein harmed NAS in the amount of at least $926,337.68, as the amount NAS is currently able to collect against said Defendants has been reduced to nothing.

51.

The actions of said Defendants named herein constitute fraud as described in the Uniform Fraudulent Transfer Act, under N.C. Stat. § 39-23.5.

WHEREFORE, NAS prays that it have and receive the following relief:

(a) That the transfers of the above properties by Defendants be avoided; and

(b) That NAS be given judgment against Defendants in the amount of the value of all of the properties referenced herein; and

(c) That an injunction be issued, ordering Defendants not to sell, dispose, transfer or encumber said properties; and

(d) That execution be immediately levied by NAS against the properties; and

(e) NAS be awarded be awarded all costs of this action, including attorneys' fees and such other relief as the Court may deem just and proper.

Respectfully submitted, this 24th day of April, 2020.

**THOMPSON & SLAGLE, LLC**

/s/ DeWitte Thompson
DeWitte Thompson
G.A. Bar No. 707688
Kelley Herrin
G.A. Bar No. 170658
3325 Paddocks Parkway, Suite 355
Suwannee GA 30024
Telephone: 770-662-5999
Facsimile: 770-447-6063
dthompson@tandslawfirm.com
kherin@tandslawfirm.com
*Counsel for Plaintiff (by Special Appearance)*

**EVERETT GASKINS HANCOCK LLP**

/s/ James M. Hash
James M. Hash
N.C. Bar No.: 38221
220 Fayetteville St., Suite 300
P.O. Box 911
Raleigh, NC 27602
Telephone: 919-755-0025
Facsimile: 919-755-0009
james@eghlaw.com
*Local Civil Rule 83.1(d) Counsel for Plaintiff*